ST. PAUL TRUST COMPANY, Executor, v. ST. PAUL GLOBE PUBLISHING COMPANY and Others.[1]

January 18, 1895.

No. 9200.

**Issue of Receiver's Certificates—Collateral Attack.**

At the suit of a stockholder, a judgment was rendered setting aside a sale made by the board of directors of all the corporate property, and a receiver appointed to take charge of it and convert it into money. The judgment provides that the receiver should issue and sell receiver's certificates to raise money with which to refund what the purchaser from the directors had paid on the property, and that such certificates should be a first lien upon the property in the hands of the receiver, and should be first paid out of the proceeds. No appeal was ever taken from this decree. The court subsequently made an order requiring creditors of the corporation to appear in the action and exhibit their claims. After the sale of the property, the court made an order directing the receiver to distribute and apply the proceeds in accordance with the provisions of the decree. Upon

[1] Reported in 61 N. W. 813.

an appeal from this order by a creditor who had appeared and exhibited his claim against the corporation, *held*: (1) That the provision of the decree for the issue of receiver's certificates, and making them a first lien on the property, was not void; (2) that the creditor could not raise the objection that the directors had used the money received from the purchaser, and to refund which the receiver's certificates were issued, in making preferential payments to certain creditors, in violation of the insolvent law.

Appeal by George H. Morrill and others, from an order of the district court for Ramsey county, Otis, J., directing the receiver of the St. Paul Globe Publishing Company to pay two debentures, of $20,000 each, issued and sold pursuant to a decree of the court. Affirmed.

*A. D. Smith,* for appellants.

*Harvey Officer* and *Stevens, O'Brien, Cole & Albrecht,* for respondents.

MITCHELL, J.    For brevity's sake, the plaintiff will be called the "Trust Company," the first defendant the "Globe Company," and the second the "Publishing Company."   The Globe Company being heavily indebted, the majority of its board of directors sold out its entire assets to the Publishing Company for $40,000 cash and the unsecured time notes of the purchaser for $72,500.    The Globe Company expended the whole of the $40,000 in paying certain of its debts, including one to the Trust Company and another to the Bank of Minnesota.  Subsequently the Trust Company, being a large stockholder, and still a large creditor, of the Globe Company, brought this action to set aside the sale to the Publishing Company, and for the appointment of a receiver to take charge of the property, alleging that the sale was the result of a conspiracy between the Publishing Company and the majority of the directors of the Globe Company to cheat and defraud the creditors and stockholders of the latter. Pursuant to the stipulation of parties, a decree was entered, setting aside the sale on condition that the $40,000 which the Publishing Company had paid on the purchase price should be refunded.    It also appointed a receiver to take charge of the property, who was directed to issue receiver's certificates or debentures, and to sell the same, and with the proceeds refund the $40,000 to the Publishing Company.   The decree provided that, subject to the charges and

expenses of the receiver, these certificates should be a first lien on the property, and should be first paid out of its proceeds when sold. It also provided that the receiver should liquidate and wind up the business of the Globe Company, and convert its assets into money, as soon as practicable.    This decree was never appealed from, nor was any application ever made for its modification.    The receiver issued and sold the certificates, and applied the proceeds as directed by the decree.    Subsequently the court made an order requiring all the creditors of the Globe Company to become parties to the action and exhibit and prove their claims within a specified time, or, in default thereof, to be excluded from any share in the distribution of the proceeds of the corporate assets under the judgment.    In pursuance of this order the appellants Morrill & Co appeared, and proved their claim.    The receiver having, in pursuance of the decree, sold the property, and made a report of his proceedings, the court subsequently made an order directing the distribution or application of the money in his hands in accordance with the provisions of the decree.    From this order Morrill & Co. appeal.    Their grounds of complaint are (1) that the court had no power to order the issue of the receiver's certificates, and to make them a first lien on the property of the Globe Company; (2) that the effect of the order of distribution was to give a preference to the Bank of Minnesota and to the Trust Company over the other creditors of the Globe Company, contrary to the provisions of the insolvent law.

To state these facts is to decide this appeal.    The decree was not void.    The court has jurisdiction of the parties and the subject-matter, and hence, even if erroneous as to any of its provisions, it must stand, unless reversed for error.    The appellants have never taken any steps to have the decree reversed, enjoined, or modified; on the contrary, they have come in to participate in its benefits, but at the same time wish to reject such parts of it as work against their interests.    They cannot occupy these inconsistent positions. Again, the alleged preferential payments were not directed by the decree, but were made by the Globe Company itself, before the action was commenced.    The receiver's certificates were not issued to pay the Bank of Minnesota or the Trust Company, but to raise money with which to repay the Publishing Company, in order to get back the very property in the proceeds of which the appellants seek

to share.   And, last of all, preferential payments prohibited by the insolvent law are only voidable in favor of proceedings under the law, which this action is not.   Whatever remedy, if any, the appellants, as creditors of the Globe Company, may have had to reach the alleged preferential payments, it certainly was not the one they have attempted.

Order affirmed.